# EXHIBIT 3

Filed: 9/17/2019 3:30 PM
Lynne Finley
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 36888203

CAUSE NO. 219-05270-2019 _____

| | | |
|---|---|---|
| THE SAMARITAN INN, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, THE SAMARITAN INN, INC. ("Plaintiff") and files this Original Petition against PHILADELPHIA INDEMNITY INSURANCE COMPANY, hereinafter referred to as (the "Insurance Defendant" or "Philadelphia") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff is doing business In Collin County, Texas.

Philadelphia is in the business of insurance in the State of Texas. The insurance business done by Philadelphia in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendant **Philadelphia Indemnity Insurance Company,** may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Service is requested at this time.**

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Collin County, Texas because all or part of the conduct giving rise to the causes of action were committed in Collin County, Texas and Plaintiff and Property which is the subject of this suit are located in Collin County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## BACKGROUND FACTS

Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"). The Policy insured the Property, which is located at 1710 N. McDonald Street, McKinney, Texas 75071 (hereinafter referred to as the "Property") at the time of the loss for which Plaintiff herein complains. Philadelphia sold the Policy insuring the Property to Plaintiff.

During all relevant times herein, the Policy was in full force and effect, including the time that the Property were damaged by hail and wind. Philadelphia was duly notified of the Loss in compliance with the Policy. Plaintiff has complied with all conditions precedent for recovery under the Policy as a result of the Loss.

Philadelphia, through Sedgwick, hired an adjuster, James Greenhaw, and despite being given authority and instructions to inspect, adjust and evaluate the claim, they failed to properly adjust the claim and address all of the covered damages. Notably, Mr. Greenhaw has identified and has acknowledged that there is wind and hail damage present at Plaintiff's property.

Defendant and Greenhaw failed and refused to conduct a thorough inspection. Defendant admits it found hail and wind damage at Plaintiff's property but Greenhaw prepared a low-ball estimate to avoid paying Plaintiff an amount to cover all of the Plaintiff's Property damage.

Defendant has a pattern and practice of using Greenhaw to underscope and ignore damages. Defendant hired Greenhaw because it knew it could rely on Greenhaw to write his estimate so that Defendant could avoid having to pay the full, covered claim.

Defendant, through its agents including Greenhaw, inspected Plaintiff's Property, and during the inspections, they were tasked with the responsibility of conducting a thorough, prompt and reasonable investigation of Plaintiff's Loss, including determining the cause of and then quantifying the damage done to Plaintiff's Property. Instead, Defendant engaged Greenhaw and others in order to create evidence to deny full payment on Plaintiff's claim. Subsequent to the inspections, Defendant refused to identify and ignored the actual covered damages to the Property and purposefully undervalued the Loss, thus demonstrating they did not conduct a thorough, reasonable investigation of the Loss.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Defendant, through its agents, failed and refused to properly adjust the Loss and failed to conduct a reasonable investigation as they are required to do under the Texas Insurance Code when engaged in the business of insurance.

Defendant and its agents conducted an outcome-oriented investigation of the Loss, ignored covered damages, undervalued the damages they did identify and prepared an estimate to avoid paying Plaintiff an amount to cover all of Plaintiff's damages. Then Defendant Philadelphia failed and refused to provide coverage for Plaintiff for the full Loss based on its outcome-oriented claims adjustment. Defendant's actions and failure to provide coverage under the terms of the Policy in question is a breach of the Policy, and violates the Texas Insurance Code and the Unfair Claims Settlement Practices Act, among other violations described below.

## V.
### CAUSES OF ACTION

**A.    BREACH OF CONTRACT**

Plaintiff re-alleges the foregoing paragraphs. Philadelphia and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiff. Philadelphia's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

Philadelphia failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy. Specifically, Philadelphia failed to timely accept or deny the claim and refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. Philadelphia's conduct constitutes a breach of the insurance contract between it and Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

**1.    UNFAIR SETTLEMENT PRACTICES**

Plaintiff re-alleges the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. Philadelphia violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

**§ 541.051.  Misrepresentation regarding Policies.**

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

**§ 541.060.  Unfair Settlement Practices.**

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policy;
- hiring biased adjusters who consistently help Defendant avoid fully paying its claims; and/or
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

**§ 541.061.  Misrepresentation of Insurance Policy.**

- Making an untrue statement of material fact;

5

- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

## 2.    THE PROMPT PAYMENT OF CLAIMS

Plaintiff re-alleges the foregoing paragraphs. Philadelphia's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Philadelphia failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, Philadelphia failed to accept or deny Plaintiff's full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

Philadelphia failed to timely pay Plaintiff's claim, and failed to timely pay for all of the covered losses.  TEX. INS. CODE §542.057.

Philadelphia failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claims and, to date, Plaintiff has not received full payment for the covered losses. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of Philadelphia's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

C.    **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

Plaintiff re-alleges the foregoing paragraphs. Philadelphia's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

From and after the time Plaintiff's loss was presented to Philadelphia, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Philadelphia's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, Philadelphia's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VI.**
**KNOWLEDGE**

Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**VII.**
**DAMAGES**

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

Case 4:19-cv-00746-SDJ   Document 1-3   Filed 10/10/19   Page 9 of 11 PageID #:  20

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claims, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by Defendant violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION

1) Produce the non-privileged portion of Philadelphia's complete claims files for Plaintiff's Property relating to or arising out of any damages caused by the losses determined by Defendant's expert and Plaintiff's for which Philadelphia opened claims under the Policy.

2) Produce all emails and other forms of communication between Philadelphia, its agents, adjusters, employees, or representatives and the adjuster, and/or his agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which are the subject of this suit.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court.   FOR THE COURT:  Plaintiff is forced to state a range amount of damages sought although Plaintiff believes that the amount of damages is solely for the jury to determine. However, because Plaintiff must state a range of damages, Plaintiff pleads that the damages are over $1,000,000.  Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Philadelphia, to which Plaintiff may be justly entitled

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone:   (210) 775-1424
Facsimile:    (210) 775-1410
Electronic Mail:  shannon@theloydlawfirm.com


BY: _____
          SHANNON E. LOYD
          State Bar No. 24045706

ATTORNEY FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**